1  James C. Huber, Esq. (SBN 269488)
   jhuber@attorneygl.com
2  GLOBAL LEGAL LAW FIRM
   380 Stevens Avenue, Suite 311
3  Solana Beach, CA 92075
   Telephone:  (888) 846-8901
4  Facsimile:  (888) 846-8902

5  Attorneys for Specially Appearing for Defendants
   ECOMMERCE SAAS, LLC; JON LAKATOS and
6  TYLER NEUROTH

7

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

| | |
|---|---|
| 11  KHAAZRA MAARANU, an individual, | Case No. 8:21-cv-01407-DOC-JDE |
| 12             Plaintiff, | **SPECIALLY APPEARING DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(1), 12(b)(2), 12(b)(3), AND 12(b)(7); AND IN THE ALTERNATIVE 12(B)(6)** |
| 13          v. | |
| 14  ECOMMERCE SAAS, LLC, an Arizona limited liability company; OFI SAAS, | |
| 15  LLC, an Arizona limited liability company; 488 CLUB, LLC, an Arizona | |
| 16  limited liability company; JOHN LAKATOS, an individual; JOSEPH | **[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]** |
| 17  DALY, an individual, MICHAEL CARNAVELE, an individual, TYLER | |
| 18  NEUROTH, an individual; and Does 1-100, inclusive, | Hearing Date: November 29, 2021 |
| 19             Defendants, AND ; | Time:  8:30 a.m. Courtroom:  9D |
| 20  ELECTRONIC COMMERCE, LLC, a | |
| 21  Delaware limited liability company, | |
| 22             Nominal Defendant. | |

23

24        PLEASE TAKE NOTICE THAT specially appearing Defendants Ecommerce

25  SAAS, LLC, ("ECS") Jon Lakatos ("Lakatos,) and Tyler Neuroth ("Neuroth,") (and

26  collectively "Defendants") will move on November 29, 2021 at 8;30 a.m. in

27  Courtroom 9D, for an order to dismiss all causes of action in the complaint under

28  rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(7), respectively. In the alternative,

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

Defendants move under 12(b)(6) that  the other causes of action are improperly pleaded, unintelligible, and must be dismissed.

**Local Rule 7.3 Compliance** This motion is made following a conference of counsel pursuant to Local Rule 7.3, which took place on September 13, 2021.

This Motion is based on specially appearing Defendants Ecommerce SAAS, LLC, Jon Lakatos, and Tyler Neuroth ("Defendants") submission of the following memorandum points and authorities in support of their Motion to Dismiss Plaintiff Khaazra MaaRanu's Complaint ("Complaint") and the attached declaration of James C. Huber.

Dated:  September 21, 2021                    GLOBAL LEGAL LAW FIRM


By:   _/s/ James C. Huber_
        James C. Huber
        Attorneys for Specially Appearing
        for Defendants
        ECOMMERCE SAAS, LLC; JON
        LAKATOS; and TYLER
        NEUROTH

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

1

## TABLE OF CONTENTS

2

Page

3  MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 7

4  I.    SUMMARY OF ARGUMENT ........................................................................ 7

5  II.   PROCEDURAL STATUS ............................................................................... 7

6  III.  INTRODUCTION AND FACTUAL BACKGROUND ............................... 7

7  VI.   LEGAL STANDARDS ................................................................................... 8

8  V.    ARGUMENT .................................................................................................. 10

9  VI.   CONCLUSION ............................................................................................... 26

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

## **Cases**

*Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003).................................................................................................... 24

*Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) ..................................... 15

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, supra, 7 C4th at 512, 28 CR2d at 479, fn. 4............................................................................. 17

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).......................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).................................................. 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)................................... 10

*Black v. Bank of America N.T. & S.A.* (1994) 30 CA4th 1, 4, 35 CR2d 725, 727 .............................................................................................. 17

*Boulder Creek Co. v. Maruko, Inc.* (C.D. CA 1991) 772 F.Supp. 1150, 1153 ...................................................................................................... 11

*Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, *7 (N.D. Cal. 2006)...................................................................................................... 25

*Buckley v. Control Data Corp.* (8th Cir. 1991) 923 F2d 96, 97 ............................... 11

*Camacho v. Major League Baseball*, 297 F.R.D. 457, 460 (9th Cir. 2013)...................................................................................................... 9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company Co.*, 973 P.2d 527 (Cal. 1999) .......................................... 24

*Chill v. General Elec. Co.*, 101 F.3d 263, 267 (2nd Cir. 1996) ................................ 17

*Cicone v. U.R.S. Corp.*, 183 Cal. App. 3d 194, 200 (1987) ...................................... 17

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal.App.4th 445, 483 (1998)............................................................... 21

*Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)............................................................................................ 8

*Cosgrove v. Bartolotta* (7th Cir. 1998) 150 F3d 729, 731 ..................................... 11

*CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099.......................... 19, 20

*Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009)....................................... 8

*E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)..................... 15

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

TABLE OF AUTHORITIES (cont.)

Page(s)

*Francis T. v. Village Green **Owners** Assn.,* 42 Cal.3d 490, 506 (1986)..................... 22

*GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.* (8th Cir. 2004)
357 F.3d 827, 829 ........................................................................................ 11

*Grosvenor Properties, Ltd. v. Southmark Corp.*, 896 F.2d 1149, 1154
(9th Cir., 1990) ........................................................................................... 21

*Hai Yang Liu v. 88 Harborview Realty, LLC* (S.D. NY 2014) 5
F.Supp.3d 443, 450-451 ............................................................................. 11

*Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260
(4th Cir. 2013) ........................................................................................ 12, 13

*Hsieh v. Wu*, 2020 WL 2041969, at *1-2 ........................................................ 11

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de
C.V.*, 125 F. Supp. 2d 1008, 1011-1012 (N.D. Cal. 2000)........................ 14, 16

*In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1418 (3rd Cir.
1997) ........................................................................................................... 17

*In re Dow Chem. Co. Deriv. Litig.*, 2010 WL 66769, at *8 n.38 (Del.
Ch. Jan. 11, 2010) ....................................................................................... 22

*Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F3d
894, 899 ....................................................................................................... 11

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ............................ 25

*Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197
(9th Cir. 2008) .............................................................................................. 8

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153
(2003)...................................................................................................... 19, 20

*Lapides v. Bd. of Regents,* 535 U.S. 613, 620 ............................................... 12

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal.
2005).......................................................................................................... 25

*Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.
12 (9th Cir. 2012) ......................................................................................... 8

*Mattel, Inc. v. MGA Entm't, Inc.*, 2011 U.S. Dist. LEXIS 55756, No. 04-
cv-9049, at *21 (C.D. Cal. 2011) ............................................................... 21

*Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001) ............................ 8

*Nash-Perry v. JTH Tax, Inc.*, No. CV 19-5843-GW-FFMx, 2019 WL
5902103, a * 3 (C.D. Cal. Nov. 8, 2019) ................................................... 15

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

DEFENDANTS' MOTION TO DISMISS

TABLE OF AUTHORITIES (cont.)

Page(s)

*Neilson v. Union Bank of California, N.A.,* 290 F.Supp.2d 1101, 1139 (C.D. Cal., 2003) .................................................................................. 21

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ........................................................................................... 9

*Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ................................. 10

*Shields v. Barrow*, 58 U.S. 130, 139 (1854) ............................................... 15

*Slottow v. American Casualty Co. of Reading, Pennsylvania*, 10 F.3d 1355, 1359 (9th Cir., 1993) ..................................................................... 21

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1022 (N.D. Ca. 2007) .................................................................... 24

*United States Liability Ins. Co. v. Haidinger-Haye*s, 1 Cal.3d 586 (1970) ............... 22

*Vu v. CA Commerce Club, Inc.*, 58 Cal. App. 4th 229, 235 (1997) ........................... 24

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ....................................... 8

*Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 785 (1979) ................................. 22

**Statutes**

Fed. R. Civ. P. 8(a) ................................................................... 11

Fed. R. Civ. P. 9(b) ................................................................... 17

Fed. R. Civ. P.12(b)(1) ................................................................. 8

Fed. R. Civ. P. 12(b)(3) ................................................................ 8

Fed. R. Civ. P. 12(b)(7) .............................................................. 9, 14

Fed. R. Civ. P. 19(a) ................................................................. 9, 14

**Other Authorities**

Cal. Bus. & Prof. Code § 16600 ......................................................... 21

Calif. Corps. C. § 17701.01 ............................................................ 11

California Corporations Code, § 309 and 7231 ........................................... 22

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT

Specially appearing Defendants bring this Motion to Dismiss ("Motion") under rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(7), respectively based on lack of jurisdiction, failure to join a necessary party, and failure to state a claim.  Plaintiff, a member of Electronic Commerce, LLC, named it as a nominal defendant, which destroyed jurisdiction.  The LLC Agreement, attached as Exhibit A to the Complaint (ECF. No. 1) states that any lawsuits must be filed under the jurisdiction of the state of Delaware.  Plaintiff also failed to name Darnell Ponder, a necessary party, as defendant.

In the alternative, Defendants move under 12(b)(6) that the other causes of action are improperly pleaded, unintelligible, and must be dismissed.

### II.   PROCEDURAL STATUS

On August 30, 2021, Plaintiff filed his Complaint.  ECF. No. 1.

### III.   INTRODUCTION AND FACTUAL BACKGROUND

In October 2018, Darnell Ponder founded Electronic Commerce, LLC ("EC") under the laws of Delaware with plaintiff KhaazRa MaaRanu ("Plaintiff").  Complaint, ¶¶ 44-45.  The LLC Agreement stated that "Any law suits will be under the jurisdiction of the state of Delaware."  Complaint, Exhibit A; Limited Liability Company Agreement of Electronic Commerce LLC, Section X, page 12.

Plaintiff initially filed an action against EC in the Orange County Superior Court, Case No. 30-2021-01206669-CU-BC-CJC and sought a TRO and preliminary injunction.  At the hearing on the Preliminary injunction, the Court held that that Plaintiff must file any action in Delaware.  Thereafter, litigation between Plaintiff t EC and Mr. Ponder ensued in Delaware.  The parties currently have dueling TRO motions pending there. (See Huber Declaration at ¶ 3.)

Plaintiff now brings this action in this Court solely to harass Defendants.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

## VI.   **<u>LEGAL STANDARDS</u>**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n. 12 (9th Cir. 2012) (internal quotation marks and citations omitted).  On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), plaintiff has the burden to establish the existence of subject matter jurisdiction.  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In evaluating a facial challenge to subject matter jurisdiction, the court accepts the factual allegations in the complaint as true.  *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Where a defendant brings a factual challenge, on the other hand, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. *White*, 227 F.3d at 1242 (citation omitted).  Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."  *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F,2d 199, 201 (9th Cir. 1989).

Rule 12(b)3 provides that a defendant may move to dismiss a case for improper venue.  Fed. R. Civ. P. 12(b)(3).  Under Rule 12(b)(3), pleadings need not be accepted as true, and facts outside the pleadings may be considered.  *Doe 1 v.*

*AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citation omitted); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  Once venue is challenged, the plaintiff bears the burden of demonstrating the propriety of venue in the chosen judicial district.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

A party may move to dismiss a case for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7).  *Camacho v. Major League Baseball*, 297 F.R.D. 457, 460 (9th Cir. 2013).  Rule 19 imposes a three-step inquiry: (1) Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)?; (2) If so, is it feasible to order that absent party to be joined?; and (3) If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?  *Id*., (citation omitted).  The terms "necessary" and "feasible: are terms of art in Rule 19 jurisprudence: "Necessary" refers to a party who should be joined if feasible; and "indispensable" refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed.  *Id*.  The failure to join a party under Rule 19 can only lead to dismissal of a suit where the court cannot obtain jurisdiction over the necessary party and that party is determined to be indispensable to the action.  *Id*., see Fed. R. Civ. P. 19(a).

The Ninth Circuit has held that a court should grant a 12(b)(7) motion to dismiss only if the court determines that joinder would destroy jurisdiction and the non-joined party is necessary and indispensable.  *Id*.  A motion to dismiss for failure to join an indispensable party requires the moving party to bear the burden in producing evidence in support of the motion.  *Id*., at 461.  A Rule 12(b)(7) motion for failure to join an indispensable party demands a fact specific and practical

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(808) 846-6901

1    inquiry.  *Id.*  To determine whether Rule 19 requires the joinder of additional parties,
2    the court may consider evidence outside the pleadings.  *Id.*

3     Alternatively, under Rule 12(b)(6), a defendant may move to dismiss for
4    failure to state a claim upon which relief can be granted.  A plaintiff must state
5    "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*
6    *Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff
7    pleads facts that "allow [] the court to draw the reasonable inference that the
8    defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
9    (2009).

10    In resolving a 12(b)(6) motion, the Court must follow a two-pronged
11   approach. First, the Court must accept all well-pleaded factual allegations as true, but
12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere
13   conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Nor must the Court
14   "'accept as true a legal conclusion couched as a factual allegation.'"  *Id.* at 678-680
15   (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded
16   factual allegations, the Court must "determine whether they plausibly give rise to an
17   entitlement to relief."  *Id.* at 679.  This determination is context-specific, requiring
18   the Court to draw on its experience and common sense, but there is no plausibility
19   "where the well-pleaded facts do not permit the court to infer more than the mere
20   possibility of misconduct."  *Id.*

21    Courts "are not bound to accept as true a legal conclusion couched as a factual
22   allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

23   **V.** <u>**ARGUMENT**</u>

24     **1.** **The Court Should Dismiss the Action under FRCP 12(b)(1) Because**
25      **This Court Lacks Subject Matter Jurisdiction**

26     **A.** <u>By Naming the LLC, Plaintiff's Residence is Counted Twice, and EC is</u>
27      <u>not a Nominal Defendant</u>

28    Plaintiff bears the burden of proving that jurisdiction exists.  *Scott v. Breeland*,

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

792 F.2d 925, 927 (9th Cir. 1986).  The Federal Rules of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain…a short and plain statement of the grounds for the court's jurisdiction…"  Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated…any document invoking this Court's jurisdiction."  Local Civil Rule 8-1.

Many states, including California, recognize a special form of business entity known as a "limited liability company" (see Calif. Corps. C. § 17701.01 et seq.). Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to each member of the company.  The citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.  *Cosgrove v. Bartolotta* (7th Cir. 1998) 150 F3d 729, 731; *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.* (8th Cir. 2004) 357 F3d 827, 829; *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F3d 894, 899.

There is no diversity where a member of a partnership (even a limited partner) sues the partnership itself.  The plaintiff partner's citizenship is counted twice for diversity purposes, i.e., it is attributed both to plaintiff and to the defendant.  *Boulder Creek Co. v. Maruko, Inc.* (C.D. CA 1991) 772 F.Supp. 1150, 1153; see also *Buckley v. Control Data Corp.* (8th Cir. 1991) 923 F2d 96, 97; *Hai Yang Liu v. 88 Harborview Realty, LLC* (S.D. NY 2014) 5 F.Supp.3d 443, 450-451 - "Where a member of an LLC sues the LLC, that member's citizenship is taken into account for the purposes of determining the LLC's membership.  Thus, in general, a plaintiff who is a member of an LLC cannot bring a diversity action against the LLC" (internal citations omitted).  This rule is consistently enforced in the Ninth Circuit. *See Hsieh v. Wu*, 2020 WL 2041969, at *1-2.

Plaintiff alleges that he is an owner of 50% of nominal defendant EC, and that he resides in the County of Orange and the State of Florida.  Complaint, ¶ 1. Plaintiff also alleges that defendant Electronic Commerce, LLC is a "nominal"

defendant.  Complaint, ¶ 12.  EC is a limited liability company formed under the laws of the state of Delaware with its principal place of business in Orange County in California.  Complaint, ¶ 3.  But the Complaint is confusing because it alleges that Plaintiff brings this action in the right and for the benefit of EC to redress the injuries suffered, and to be suffered, by EC.  Complaint, ¶ 11.  While confusing, those statements confirm that EC is not a nominal defendant.

Regardless of the Complaint's confusing and contradictory pleading, there is no diversity where Plaintiff, a member of EC, sues EC itself.  Plaintiff's citizenship is counted twice for diversity purposes where it is attributed to both Plaintiff and to the defendant EC.  Where Plaintiff, a member of an LLC sues the LLC, Plaintiff's citizenship is taken into account for the purposes of determining the LLC's membership.  Thus, Plaintiff as a member of EC, cannot bring a diversity action against the LLC.

Therefore, the Complaint must be dismissed for lack of jurisdiction.

## B.  Electronic Commerce LLC is Not a Nominal Party

Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal.  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013).  In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way.  *Id.*  There are dangers to incorrectly calibrating the scope of the nominal party exception in either direction.  *Id.*  If courts broaden the exception so as to disregard too many non-consenting defendants, there is a possibility not only that the interests of non-consenting parties may be overlooked but that the federal courts will confer a basis for removal that the Supreme Court has declared should not exist.  *See Lapides v. Bd. of Regents,* 535 U.S. 613, 620 (noting that generally, all defendants must consent to removal to federal court).  If on the other hand, the nominal party exception is read too narrowly to require consent from defendants with no real or tangible interest in the litigation's

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

1  outcome, then the statutory right of removal would be impermissibly restricted.

2  *Hartford Fire Ins. Co., supra*, at 260.

3      All these tests aside, the word nominal should be taken to mean what a good

4  dictionary says it should: "trifling" or "[e]xisting in name only." *Id*. A "nominal

5  party" is defined as a party who has some immaterial interest in the subject matter of

6  a lawsuit and who will not be affected by any judgment. *Id*. Established precedent

7  outside of the removal context has defined a nominal party in similar terms. *Id.*

8  (describing a nominal party as one without a real interest of its own for purposes of

9  *parens patriae* standing). *Id*.

10      Here, it is readily apparent from the allegations that EC is not a nominal

11  defendant because it has an apparent stake in the litigation. Plaintiff alleges that he

12  brought this action derivatively for the benefit of EC to redress the injuries suffered,

13  and to be suffered, by EC "as a direct result of the breach of fiduciary duty, unjust

14  enrichment, interference with contract, interference with economic advantage and

15  fraud". Complaint, ¶ 11.

16      Plaintiff alleges that Defendants' actions resulted in CBCal terminating its

17  contract with EC. EC does not have a "trifling" or "existing in name only" interest in

18  this action. The key inquiry is whether the suit can be resolved without affecting EC

19  in any reasonably foreseeable way. The allegations throughout the Complaint

20  establish that EC has a material interest in the resolution of the lawsuit, and it will

21  affect EC in a reasonably foreseeable way. In fact, most of Plaintiff's claims fail, as

22  set forth below, because he has not established that he has an interest in the litigation.

23  Instead the complaint appears to be a derivative action, where EC is the real party in

24  interest.

25      **2. The Court Should Dismiss the Action Under FRCP Rule(b)(2) and**

26      **(b)(3) and Because Plaintiff Has Filed in the Incorrect Venue In the Face**

27      **of a Valid Forum Selection Clause**

28      The LLC Agreement states that in the event of a dispute between any member

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

13

or the company that "Any law suits[*sic*] will be under the jurisdiction of the state of Delaware."  Complaint, Exhibit A; Limited Liability Company Agreement of Electronic Commerce LLC, Section X, page 12.  But as amply noted above, EC has a material interest in this matter because it directly impacts its business affairs.

One judge has already ruled that the forum selection clause governs and ordered all actions regarding EC to take place in Delaware.  (See Huber Dec'l ¶ 3.)  Plaintiff breached the LLC Agreement when he filed this action here instead of Delaware.  The dispute resolution clause in the LLC Agreement also required Plaintiff to enter into mediation before filing any suit against any member or EC, but Plaintiff completely disregarded that clause.

Thus, this Court should dismiss the Complaint so Plaintiff can properly file any suit against EC, and its officers and employees, in the state of Delaware.

### 3. The Court Should Dismiss the Action Under FRCP (b)(7) and Rule 19 Because Plaintiff Failed to a Join Necessary Party

A party may seek dismissal of a complaint for failure to join an indispensable party under Rule 19.  Fed. R. Civ. P. 12(b)(7).  Rule 19 requires joinder of a person whose absence would preclude complete relief among existing parties.  Fed. R. Civ. P. 19(a)(1)(A).  Alternatively, joinder is required of any person who claims an interest in the action and is so situated that disposing of the action in the person's absence may (1) impair or impede the person's ability to protect the interest, or (2) leave an existing party subject to a substantial risk of incurring inconsistent obligations because of the interest.  Fed. R. Civ. P. 19(a)(1)(B).  "Th[e] standard is met when failure to join will lead to separate and redundant actions."  *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-1012 (N.D. Cal. 2000).  It is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief."  *Id*. at 1012.  "Complete relief is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

1   action." *Nash-Perry v. JTH Tax, Inc.*, No. CV 19-5843-GW-FFMx, 2019 WL

2   5902103, a * 3 (C.D. Cal. Nov. 8, 2019) (quoting *Alto v. Black*, 738 F.3d 1111, 1126

3   (9th Cir. 2013)).

4       If an absence is necessary under Rule 19, the court must determine whether it

5   is feasible to order that the absentee be joined. *E.E.O.C. v. Peabody W. Coal Co.*,

6   400 F.3d 774, 779 (9th Cir. 2005). The three scenarios in which joinder is *not*

7   feasible are: when venue is improper, when the absentee is not subject to personal

8   jurisdiction, and when joinder would destroy subject matter jurisdiction. *Id.*, (citing

9   Fed. R. Civ. P. 19(a). Finally, if joinder is not feasible, the court must determine

10   whether the case can proceed without the absentee, or whether the absentee is an

11   indispensable party such that the action must be dismissed. *Id.* In other words, the

12   court must dismiss the action where the absentee not only has an interest in the

13   controversy, but has an interest of such a nature that a final decree cannot be made

14   without either affecting that interest, or leaving the controversy in such a condition

15   that its final termination may be wholly inconsistent with equity and good

16   conscience. *Id.*, (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854).

17       Here, the Complaint named Plaintiff's partner Darnell Ponder 133 times.

18   Complaint, *passim*. The Complaint alleges that Mr. Ponder is a 50% equal co-owner

19   of EC. Complaint, ¶ 14. Plaintiff alleges that he sought Mr. Ponder's adherence to

20   his fiduciary and contractual duties, but Mr. Ponder worked in concert with

21   defendants Lakatos and Neuroth and grossly mismanaged EC's relationship with its

22   sponsoring back [*sic*]. Complaint, ¶ 15.

23       The Complaint also alleges and acknowledges that Mr. Ponder "is an

24   interested party", and that Mr. Ponder wields total power over EC and is involved in

25   all of the alleged wrongdoing in the Complaint. Complaint, ¶¶ 16-17. The

26   Complaint also alleges that Plaintiff and Mr. Ponder equally operated EC from

27   inception. Complaint, ¶ 40. Plaintiff alleges that Mr. Ponder owes fiduciary duties

28   to EC pursuant to the LLC agreement. Complaint, § ¶ 52.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

1    The Complaint also sets forth that Mr. Ponder was involved in all of the

2    alleged bad acts committed by Defendants.  Complaint, *inter alia*.

3    Rule 19 requires joinder of Mr. Ponder if his absence would preclude complete

4    relief among the existing parties.  Alternatively, joinder of Mr. Ponder is required if

5    his absence may (1) impair or impede his ability to protect his interests, or (2) it will

6    leave him subject to a substantial risk of incurring inconsistent obligations because of

7    his interest.  The standard is met when failure to join will lead to separate and

8    redundant actions.  *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion,*

9    *S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-1012 (N.D. Cal. 2000).

10    Mr. Ponder is already facing separate and redundant actions.    Plaintiff

11    recently filed another lawsuit in Delaware against EC and Mr. Ponder.  Now Plaintiff

12    has filed this action in this Court but never named Mr. Ponder as a defendant.  Yet,

13    Mr. Ponder's alleged actions are central to the Complaint.  Mr. Ponder's absence

14    here may impair or impede his ability to protect his interests, and it will leave him

15    subject to the substantial risk of incurring inconsistent obligations because of his

16    interests.

17    If this Court finds that venue is proper here, Defendants respectfully request

18    that Mr. Ponder joined as a defendant.

19    **4.    The Court Should Dismiss All Causes of Action Under FRCP**

20    **12(b)(6) Because Plaintiff has Failed to Properly Plead Its Claims**

21    **and the Allegations are Unintelligible.**

22    **A.  All Causes of Action Against the Individual Defendants Because They**

23    **Cannot be Held Vicariously Liable.**

24    Plaintiff's claims against Lakatos and Neuroth, fail to the extent that they

25    allege claims against them in their capacity as employees of EC and/or ECS.

26    Employees cannot conspire with employer.  "It has long been the rule in California

27    that agents and employees of a corporation cannot conspire with their corporate

28    principal or employer where they act in their official capacities on behalf of the

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

16

corporation and not as individuals for their individual advantage."

*Black v. Bank of America N.T. & S.A.* (1994) 30 CA4th 1, 4, 35 CR2d 725, 727 (internal quotes omitted); see CACI 3602.

Employees are not personally liable when they cause a corporation to breach a duty that only the corporation owes because the corporation can act only through its employees. See *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, supra, 7 C4th at 512, 28 CR2d at 479, fn. 4].

Here, the Complaint is unclear as to the timing of when the alleged bad acts occurred and what position and role Lakatos and Neuroth held.  But the Complaint does state that at some points they were employees or agents of EC and/or ECS.

Thus, the Court should enter an order dismissing all claims against Neuroth and Lakatos.

## B. The Court Should Dismiss the Fraud Cause of Action because it Fails  to Plead the Necessary Elements and is Uncertain in Every Regard

Fed. R. Civ. P. 9(b) states in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Id.  When pleading fraud, Plaintiffs must allege more than mere conclusory allegations of fraud or the technical elements of fraud. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1418 (3rd Cir. 1997); *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997); *Chill v. General Elec. Co.*, 101 F.3d 263, 267 (2nd Cir. 1996). The elements of a claim for fraud are (1) misrepresentation by each defendant; (2) each defendant's knowledge of the falsity thereof; (3) each defendant's intent to defraud; (4) plaintiff's justifiable reliance on the alleged misrepresentation; and (5) resulting damage. *See Cicone v. U.R.S. Corp.,* 183 Cal. App. 3d 194, 200 (1987); The first cause of action for fraud is incomplete.  Plaintiff fails to plead the who, what, where, when, and how to support fraud.  Plaintiff makes general allegations but does not plead with the specificity required.  The Complaint's allegations require Defendants to make giant leaps of logic.  Plaintiff even included

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

1 Mr. Ponder in the fraud allegations, suggesting that he may be a defendant.

2 Complaint, ¶ 211.

3      The Complaint alleges that Defendants submitted false information and/or

4 altered documents to CBCal but does not specify how they submitted false

5 information, what was false, who did it, or when.  Complaint, ¶ 215.  Plaintiff alleges

6 that Tangram was formed as a legitimate competitor of EC , but does not specify

7 how that is "untrue".  Id.

8      Plaintiff alleges that Defendants concealed Mr. Lakatos's employment with

9 EC while he was employed at CBCal, but does not allege who concealed it, what

10 they did, when or how.  Id.  The Complaint alleges that Defendants concealed the

11 formation of various entities, but does not identify those entities, when they were

12 formed, or how.  Id.  Plaintiff alleges Defendants concealed alterations to EC's

13 contracts but does not plead who did it, when or how.  *Id*.  The Complaint alleges

14 Defendants used fake transactions to deplete EC's merchant settlement account, but

15 does not plead who did it, what the fake transactions were, when or how.  *Id*.

16      Plaintiff alleges Defendants concealed the diversion of EC's potential

17 merchants to Tangram, but again fail to plead who did it, when or how.  *Id*.  Last, the

18 Complaint alleges Defendants diverted revenue generated by EC's merchants to

19 Defendants, but does not specify who, what, when or how.  Plaintiff's improper fraud

20 cause of action does not support the prayer for punitive damages.  This Court is not

21 bound to accept as true a legal conclusion couched as a factual allegation.

22      Thus, the fraud cause of action must be dismissed without leave to amend.

23 **B.**    **The Court Should Dismiss the Second Cause of Action For**

24 **Intentional Interference With Contracts Because it Does Not Make Sense**

25      The following elements must be present in order to state a cause of action

26 for intentional interference with prospective advantage: (1) the existence of an

27 economic relationship between the plaintiff and a third party containing a probability

28 of future economic benefits to the plaintiff; (2) the defendant's knowledge of the

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts. *CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)). The act of interference must be "wrongful by some legal measure other than the fact of interference itself." *Korea Supply*, 29 Cal. 4th at 1159.

Plaintiff has failed to plead these elements.  He has not pleaded any agreement of which he is a party.  Plaintiff alleges that "Electronic Commerce and Electronic Commerce entered into the MMPA."  Complaint, ¶ 225.  It is not clear how a business entity can enter into a contractual agreement with itself.  Defendants should not have to guess what Plaintiff is alleging.

Plaintiff alleges that Defendants formed a conspiracy to disrupt and/or destroy the relationship between CBCal and EC but does not identify with any specificity the actions to support allegations of fraudulent conduct.  Complaint, ¶ 226.  Nor is it clear that Plaintiff sustained any damage.  Instead, Plaintiff alleges that Defendants' actions left "CBCal with insufficient funds on deposit to cover said liabilities."  Id.

The Complaint alleges that Defendants' conduct caused CBCal to terminate its contract with EC but does not state how that damaged Plaintiff.  Id., ¶ 228.  If anything, this allegation would support that EC was damaged, but EC is a nominal defendant in this case.  Plaintiff claims that he was damaged in "a sum of at least $10,000,000," but fails to provide how that was calculated.  Id., ¶ 230.  Then Plaintiff makes conclusory allegations that Defendants acted fraudulently, but fails to provide the specific acts, who did them, when or how.

Further, Plaintiff has not alleged a contract of which it is a party.  It alleges an agreement with EC only.

Thus, the second cause of action should be dismissed without leave to amend as there is no chance to cure this pleading defect.  The curative amendment would be

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

1  a derivative claim that must be brought in Delaware.

2  **C.   The Court Should Dismiss the Third Cause of Action For**

3  **Interference with Prospective Economic Relations Should Be Dismissed Because**

4  **Plaintiff Does Not Have Privity to the Economic Interest Alleged.**

5  The following elements must be present in order to state a cause of action for

6  intentional interference with prospective advantage: (1) the existence of an economic

7  relationship between the plaintiff and a third party containing a probability of future

8  economic benefits to the plaintiff; (2) the defendant's knowledge of the existence of

9  the relationship; (3) intentional acts on the part of the defendant designed to disrupt

10 the relationship; (4) actual disruption of the relationship; and (5) economic harm to

11 the plaintiff proximately caused by the defendant's acts. *CRST Van Expedited, Inc. v.*

12 *Werner Enters.*, 479 F.3d 1099 (citing *Korea Supply Co. v. Lockheed Martin Corp.*,

13 29 Cal. 4th 1134, 1153 (2003)). The act of interference must be "wrongful by some

14 legal measure other than the fact of interference itself." *Korea Supply*, 29 Cal. 4th at

15 1159.

16 Again, Plaintiff fails to allege the economic relationship necessary. Plaintiff

17 alleges the economic relationship between EC and third parties only.  And as an

18 owner, he may have some interest, but that too is not clearly stated.

19 Plaintiff alleges that he "derived an economic benefit from its contractual

20 relationship with CBCal."  Complaint, ¶ 233.  But that conflicts with Plaintiff's

21 allegation that "On or about April 24, 2017, Electronic Commerce and Commercial

22 Bank of California ('CBCal') entered a Merchant Marketing and Processing

23 Agreement…"  Complaint, ¶ 33.

24 Therefore, it appears that EC was the entity with the contractual relationship

25 with CBCal, not Plaintiff.  Plaintiff then admits that there was an "economic

26 relationship between CBCal and Electronic Commerce", but not directly with

27 Plaintiff.  Complaint, ¶ 235.

28 Plaintiff alleges that Defendants acted "maliciously" and "fraudulently" but

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

20

fails to specify the who, what, when, where, and how to support fraud and claims for punitive damages.  Complaint, ¶ 237.  There is no possible way for Plaintiff to plead that he had the contractual relationship with CBCal that resulted in damages.  The Complaint states that the contractual relationship was between CBCal and EC.  Therefore, this Court should dismiss this cause of action without leave to amend.

**D.    The Cause of Action for Breach of Fiduciary Duty Fails Since There is Not a Fiduciary Duty to Owners of the Company.**

To state a claim for breach of fiduciary duty, a complaint must allege the existence of a fiduciary duty, an act, omission or concealment involving a breach of that duty, and damages proximately caused by that breach. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal.App.4th 445, 483 (1998).

Here, Plaintiff has not alleged a valid fiduciary duty to him, as an individual, nor as an owner of EC.

An employee must have a fiduciary duty owed to his or her employer for there to be a breach of duty of loyalty. *Mattel, Inc. v. MGA Entm't, Inc.*, 2011 U.S. Dist. LEXIS 55756, No. 04-cv-9049, at *21 (C.D. Cal. 2011) (finding a fiduciary relationship is a prerequisite to the existence of a duty of loyalty).

The duty of loyalty is not bestowed upon all employees, for if it were, it would run "afoul of the Supreme Court's general rule [that tort duties should not be wantonly interjected into contractual relationships] . . . and ignore[] the consistent safeguards upon employee mobility and the freedom to work in the state of California." *Mattel, Inc.*, 2011 U.S. Dist. LEXIS 55756 at *18 (emphasis in original text) (citing Cal. Bus. & Prof. Code § 16600).

Under California law, a corporation's employees owe no fiduciary duty to third parties with whom they deal on behalf of their employer. *Neilson v. Union Bank of California, N.A.,* 290 F.Supp.2d 1101, 1139 (C.D. Cal., 2003), citing  *Slottow v. American Casualty Co. of Reading, Pennsylvania*, 10 F.3d 1355, 1359 (9th Cir., 1993); see also *Grosvenor Properties, Ltd. v. Southmark Corp*., 896 F.2d 1149, 1154

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

1   (9th Cir., 1990), *Wyatt v. Union Mortgage Co*., 24 Cal.3d 773, 785 (1979), *United*

2   *States Liability Ins. Co. v. Haidinger-Haye*s, 1 Cal.3d 586 (1970). Sections

3   309 and 7231 of the California Corporations Code, both provide, in relevant part,

4   that an officer or director of a corporation owes a duty to act in the best interests of

5   their corporation, and do not owe a duty to third parties. See *Francis T. v. Village*

6   *Green **Owners** Assn.,* 42 Cal.3d 490, 506 (1986), citing California Corporations

7   Code, § 309 and 7231.

8        *In Francis T. v. Village Green Owners Association,* the Court provided a

9   distinction to be drawn between an officer or director's fiduciary duty to their

10  corporation and their ordinary duty to take care not to injure third parties. *Francis T.,*

11  *supra,* at 506. The *Francis T . Court* made clear that an officer or director does not

12  owe a fiduciary duty to a third party. *Francis T, supra,* at 506. Rather, the "only duty

13  which an executive officer of a corporation owes to a third person, whether he be

14  an employee of the corporation or a complete stranger, is the same duty to exercise

15  due care not to injure him which any person owes to another." *Francis T., supra,* at

16  506.

17       Here, Plaintiff is an owner of the company and is not owed any fiduciary duty

18  other than that of an ordinary person.  As with the above claims, it is not clear how

19  Plaintiff sustained any damage.  At best, there is a colorable argument that nominal

20  defendant EC may have been damaged, but not Plaintiff.  Plaintiff essentially

21  concedes this throughout the allegations supporting the claim.  Complaint, ¶¶ 239-

22  255.  The Complaint also states that Lakatos and Neuroth were employees of

23  Tangram and/or their other businesses.

24       Further, Plaintiff does not allege that Defendants acted independent of Mr.

25  Ponder thereby making the claim futile.  *In re Dow Chem. Co. Deriv. Litig.*, 2010

26  WL 66769, at *8 n.38 (Del. Ch. Jan. 11, 2010) [ "independence of directors is only

27  relevant when there exists an interested person."]); In fact, Plaintiff conflates all

28  allegations against Defendants with claims against Mr. Ponder.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

1   That similarly proves that Defendants never acted on behalf of Plaintiff and
2   Plaintiff could not be the principal for which any agency duty to exist.

3   Like Plaintiff's other causes of action, the breach of fiduciary duty claim fails
4   as it is unintelligible as to time and how the Defendants' roles at certain times injured
5   the company and when the alleged duty existed.  Plaintiff alleges that Mr. Lakatos
6   and Mr. Neuroth were officers of EC "At all relevant times…"  Complaint, ¶¶ 239-
7   240.  But the Complaint also alleges that Mr. Lakatos was an employee of CBCal.
8   Complaint, ¶ 73.  Plaintiff previously alleged that Defendants are employees of
9   Tangram Payments ("Tangram"), with Newport Beach Chamber of Commerce's
10  Facebook page containing a photograph that shows Ponder, Lakatos, Neuroth, with
11  others, standing in Tangram's lobby.  Complaint, ¶ 136.

12  Plaintiff alleges that Lakatos and Neuroth owed Plaintiff and EC "fiduciary
13  duties of loyalty, care, honesty, and a duty to  discharge their duties in good faith",
14  Complaint, ¶ 241.  But that duty would only extend to EC, at best, and certainly not
15  to Plaintiff.  The Complaint then alleges that "Lakatos is either the trustee of Marque
16  Trust, a beneficiary of Marque Trust, is directly related to the Marque Trust, or
17  employed by Marque Trust."  Complaint, ¶ 245.  Plaintiff also alleges that Lakatos
18  and Neuroth devoted "time, energy, and attention to…their other businesses,
19  including Tangram."  Complaint, ¶ 246.  Plaintiff then alleges in a conclusory
20  fashion that Defendants' actions were despicable, amounted to intentional
21  misrepresentation, deceit, or concealment of material information to support punitive
22  damages, but again fails to state the who, what, when, where, and how.  Complaint, ¶
23  255.

24  Thus, this Court should dismiss the fourth cause of action for breach of
25  fiduciary duty without leave to amend.

26  **E.     The Court Should Dismiss the Claim for Conversion Because the**
27  **Alleged Property Converted, While Not Clearly Defined, Was EC's Property.**

28  Plaintiff alleges that Defendants converted Plaintiff's monies, property,

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

1  records, files, information, and materials, but fails to identify those items.

2  Complaint, ¶ 257.  The description of the property alleged is insufficient to allow

3  Defendants to know what they are accused of stealing.  For example, a failure by to

4  identify any specific identifiable sums taken from them was deemed insufficient to

5  state a claim for conversion. *Vu v. CA Commerce Club, Inc.*, 58 Cal. App. 4th 229,

6  235 (1997).

7       To add to the confusion, like all claims, Plaintiff then alleges that it was EC's

8  employees, books and records, leased office space, customers and monies, not

9  Plaintiff's.

10      Plaintiff is not entitled to property that he never owned or exercised control

11  over.  He certainly is not entitled to "sole possession, custody and control" as the

12  Complaint alleges, because he is only a 50% owner of EC.  Complaint, ¶¶ 2, 261.

13      Thus, this Court should dismiss the claim for conversion without leave to

14  amend.

15      **F.     The Unfair Competition Claim Fails Because It Does Not Allege an**

16  **Independent Bad Act Nor that Plaintiff was Harmed.**

17      To state a viable claim under UCL, a party must allege that the practice is

18  "unlawful" (i.e., is forbidden by law), "unfair" (i.e., harm to victim outweighs any

19  benefit) or "fraudulent" (i.e., is likely to deceive members of the public). *See Sonoma*

20  *Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1022 (N.D. Ca.

21  2007) *citing Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190,

22  206 (2003). The law is stated in the disjunctive, thus, contemplates three distinct

23  categories of unfair competition, and a plaintiff must plead the specific rubric under

24  which the proscribed conduct falls. *Sonoma Foods* at 1022 *citing Cel-Tech*

25  *Communications, Inc. v. Los Angeles Cellular Telephone Company Co.*, 973 P.2d

26  527 (Cal. 1999). Furthermore, to state a claim under any of the prongs under the

27  UCL, a plaintiff must plead that: (1) defendant engaged in one of the practices

28  prohibited by the statute; and (2) plaintiff suffered an actual injury in fact as a result

of defendant's actions. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005). (Emphasis added). Lastly, the heightened pleading requirements of Rule 9(b), *Federal Rules of Civil Procedure* are applicable to UCL claims. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL.")

Specifically, a party setting forth a claim under the "unlawful" prong, must identify the particular section of the statute that was allegedly violated, and must describe with reasonable particularity the facts supporting the violation. *See Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, *7 (N.D. Cal. 2006). (Emphasis added).

As Plaintiff's other causes of action must be dismissed, the claim for unfair competition also fails because Plaintiff has not suffered an injury in fact.  Further, there is no independent bad act alleged with any specificity.  The Complaint alleges Defendants engaged in "fraudulent business practices" but fails to specify who engaged, what they did, when, or how.  Plaintiff alleges that Defendants interfered with his ownership rights of EC by diverting business opportunities to other entities, but does not explain how that interfered with his ownership in EC.  Plaintiff alleges that he still has a 50% ownership right in EC, which has not changed.  Complaint, ¶ 2.  Nor does Plaintiff identify any of the alleged business opportunities that were diverted from EC.

Plaintiff claims Defendants used EC's confidential information to solicit business, but does not identify the confidential information in any way.  The Complaint vaguely alleges to breaching fiduciary duties to Plaintiff but that argument fails as outlined above.  Plaintiff alleges Defendants illegally copied and destroyed files, but does not explain how that would be illegal.  Last, Plaintiff alleges that Defendants used EC's employees to divert business to other entities, but the Complaint identifies Defendants as employees of Tangram, not EC.

Thus, the unfair competition claim must be dismissed without leave to amend.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-8901

**VI.    <u>CONCLUSION</u>**

The Complaint is riddled with typographic errors that cannot simply be accounted to as scrivener's errors.  Plaintiff's refusal to amend to cure the actual and apparent deficiencies show that this matter is filed for an improper purpose.  The purpose of this action is to create additional litigation and harass Defendants.  The proper forum and venue for this action is the court in Delaware where all related matters are pending.

Thus, Defendants respectfully request that this Court dismiss Plaintiff's Complaint without leave to amend.

Dated:  September 21, 2021                         GLOBAL LEGAL LAW FIRM

By:  _/s/ James C. Huber_

James C. Huber
Attorneys for Specially Appearing
for Defendants
ECOMMERCE SAAS, LLC; JON
LAKATOS; and TYLER
NEUROTH

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I caused to be electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

September 21, 2021                    Global Legal Law Firm

By:    */s/ James C. Huber*
       James C. Huber, Esq
       Attorney for Specially Appearing
       Defendants

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CA 92075
(888) 846-6901